IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VARTA MICROBATTERY GMBH, § <br> § <br> *Plaintiff*, § <br> § <br> § <br> v. § <br> § CIVIL ACTION NO. 2:21-CV-00036-JRG <br> GUANGDONG MIC-POWER NEW § <br> ENERGY CO., LTD., § [LEAD CASE] <br> § <br> § <br> § <br> *Defendant*. § | |

# ORDER

Before the Court is Defendants Guangdong Mic-Power New Energy Co. Ltd. ("Mic-Power"), Audio Partnership LLC and Audio Partnership PLC D/B/A Cambridge Audio ("Cambridge") and Peag, LLC D/B/A JLab Audio's ("JLab") (collectively, "Defendants") Joint Motion to Amend the Docket Control Order in Civil Action Nos. 2:21-00036, 2:21-00037, 2:21-00038 (the "Motion"). (Dkt. No. 82). In the Motion, the parties seek to amend certain pre-trial deadlines in Case Nos. 2:21-cv-00037-JRG and 2:21-cv-00038-JRG (collectively, the "Member Cases"), and also to de-consolidate Case No. 2:21-cv-00036-JRG (the "Lead Case") from the Member Cases. For the reasons set forth below, the Motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

I.   BACKGROUND

Plaintiff VARTA Microbattery GmbH ("VARTA") filed this action on February 2, 2021, asserting five patents against Mic-Power. (Dkt. No. 1). VARTA later amended its complaint to assert a sixth patent against Mic-Power. The six asserted patents are: United States Patent Nos. 9,153,835 ("'835 Patent"); 9,496,581 ("'581 Patent"); 9,799,858 ("'858 Patent"); 9,799,913 ("'913

Patent"); 10,804,506 ("'506 Patent"); and 10,971,776 ("'776 Patent") (collectively, the "Asserted Patents"). (Dkt. No. 23). This case has previously been consolidated with two companion cases for pre-trial purposes (Dkt. No. 15). AS a result, this case is carried on the Court's docket as the Lead Case and cases 2:21-cv-00037-JRG and 2:21-cv-00038-JRG as shown as the Member Cases. In the Member Cases, VARTA asserts only the '506 and '776 Patents against both Cambridge and JLab, respectively. In sum, VARTA asserts all six Asserted Patents in the lead case against Mic-Power, and VARTA asserts only the '506 and '776 Patents in each of the Member Cases.

Defendants Cambridge and JLab filed *Inter Partes* Review ("IPR") petitions with the Patent Trial and Appeal Board ("PTAB") challenging all claims of the '835, '581, '858, and '913 Patents—and the PTAB instituted the same. This was done before VARTA brought its action against Mic-Power. The PTAB issued its Final Written Decisions on January 5, 2022 with respect to those four patents, finding all original claims unpatentable. (Dkt. No. 74). However, the PTAB granted VARTA's motions to amend as to "essentially all claims," finding such amended claims patentable over the asserted prior art. (*Id*. at 2). On balance, the outcome of the Final Written Decisions is that VARTA was permitted to substitute new, amended claims in place of the original claims. VARTA expects that new certificates with respect to the '835, '581, '858, and '913 Patents will be issued by the U.S. Patent and Trademark Office ("PTO") in approximately five months. Separately, the PTAB denied institution of pending IPRs regarding the '506 and '776 Patents. (*Id*.). Each of these three cases are set for trial on May 9, 2022. (Dkt. No. 46).

II.     DISCUSSION

The parties' jointly proposed amendments to the Docket Control Order relate to slight extensions of the remaining deadlines with respect to discovery and pre-trial motions; the parties do not seek to extend the date of the pre-trial conference or the trial. (Dkt. No. 82 at 2–4). The

2

parties' primary disagreement is whether the Lead Case should be stayed. VARTA states that it intends to pursue infringement claims for one or more the '835, '581, '858, and '913 Patents, following the expiration of applicable appeal periods and the PTO's issuance of the certificates as to those amended patents. (*Id*. at 4). The parties jointly propose that the Lead Case be de-consolidated from the Member Cases and be reset on an amended case schedule after the PTO's issuance of the certificates as to the amended patents. (*Id*. at 5). VARTA contends that the Lead Case should not be stayed, and the intervening time should be used to complete fact discovery, particularly as it relates to the '506 and '776 Patents asserted in the Member Cases. (*Id*.). Defendants contend that the Lead Case should be stayed until the parties can present a proposed amended case schedule to the Court in that case. (*Id*.). The Court has concluded that a third solution is better.

Having considered the Motion and the parties' arguments, the Court finds that de-consolidation of the Lead Case is inappropriate in this situation. The Court finds that the most efficient path forward is to sever and stay VARTA's claims regarding the '835, '581, '858, and '913 Patents from the Lead Case, and to maintain as consolidated the three remaining cases which will then go forward only with respect to the '506 and '776 Patents. The Court, having a vital interest in managing its docket, believes this arrangement will achieve the most efficient resolution of these cases while minimizing the prejudice to either party. After the issuance of the PTO's certificates regarding the '835, '581, '858, and '913 Patents, VARTA and Mic-Power can present a proposed amended case schedule in the severed action. Until the PTO issues its certificates as to the four patents in the newly severed cases, that case will remain stayed.

### III.  CONCLUSION

Accordingly, the Motion (Dkt. No. 82) is **GRANTED-IN-PART** and **DENIED-IN-PART** in conformity with this opinion. VARTA's claims against Mic-Power as to the '835, '581, '858, and '913 Patents are **SEVERED** from the Lead Case. The Clerk of Court shall next open a new case number into which VARTA's claims against Mic-Power with respect to the '835, '581, '858, and '913 Patents shall be moved. (*See* Dkt. No. 23). Such severed claims within such newly opened case are hereby **STAYED** until further Order of this Court. In addition, the Court hereby **ORDERS** that the following schedule of deadlines is in effect in the (post-severance) Lead Case and Member Cases until further Order of this Court:

| Original Deadline | Amended Deadline | Event |
|---|---|---|
| May 9, 2022 | | *Jury Selection – 9:00 a.m. in **Marshall, Texas** |
| April 29, 2022 | | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| April 26, 2022 | | * If a juror questionnaire is to be used, an editable (in Microsoft Word format) questionnaire shall be jointly submitted to the Deputy Clerk in Charge by this date.[1] |
| April 26, 2022 | | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| April 26, 2022 | | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions *in Limine,* Updated Exhibit |

---

[1] The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionnaires in Advance of *Voir Dire.*

4

| | | |
|---|---|---|
| | | Lists, Updated Witness Lists, and Updated Deposition Designations |
| April 19, 2022 | | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shawn McRoberts, at shawn_mcroberts@txed.uscourts.gov. |
| April 19, 2022 | April 22, 2022 | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| April 19, 2022 | April 22, 2022 | Serve Objections to Rebuttal Pretrial Disclosures |
| April 11, 2022 | April 15, 2022 | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| March 28, 2022 | April 1, 2022 | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| March 28, 2022 | April 1, 2022 | *Response to Dispositive Motions (including *Daubert* Motions). Responses to dispositive motions that were filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e), not to exceed the deadline as set forth in this Docket Control Order.[2] Motions for Summary Judgment shall comply with Local Rule CV-56. |
| March 14, 2022 | March 18, 2022 | *File Motions to Strike Expert Testimony (including *Daubert* Motions) |

---

[2] The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." If the deadline under Local Rule CV 7(e) exceeds the deadline for Response to Dispositive Motions, the deadline for Response to Dispositive Motions controls.

5

|  |  | No motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
|---|---|---|
| March 14, 2022 | March 18, 2022 | *File Dispositive Motions

No dispositive motion may be filed after this date without leave of the Court.

Motions shall comply with Local Rule CV-56 and Local Rule CV-7.  <u>Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties.</u> |
| March 7, 2022 | March 15, 2022 | Deadline to Complete Expert Discovery |
| February 17, 2022 | March 4, 2022 | Serve Disclosures for Rebuttal Expert Witnesses |
|  | February 15, 2022 | File Motions to Compel Discovery |
| January 25, 2022 | February 9, 2022 | Deadline to Complete Fact Discovery |
| January 27, 2022 | February 10, 2022 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| January 25, 2022 | February 8, 2022 | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |

As is this Court's established practice, future filings related to any of these consolidated cases shall be filed in the Lead Case. For the avoidance of doubt, the newly opened case into which the severed claims are to be moved is <u>not</u> consolidated with the Lead Case or the Member Cases.

**So ORDERED and SIGNED this 26th day of January, 2022.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE