████████████████

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| VARTA MICROBATTERY GMBH, | |
| Plaintiff, | ████████████████ |
| v. | |
| GUANGDONG MIC-POWER NEW ENERGY CO., LTD., | C.A. No. 2:21-cv-00036-JRG<br><br>LEAD CASE |
| AUDIO PARTNERSHIP LLC and AUDIO PARTNERSHIP PLC d/b/a CAMBRIDGE AUDIO, | C.A. No. 2:21-cv-00037-JRG |
| PEAG, LLC d/b/a JLAB AUDIO,<br><br>Defendants. | C.A. No. 2:21-cv-00038-JRG |

**DEFENDANTS' MOTION FOR**
**SUMMARY JUDGMENT TO LIMIT DAMAGES BASED ON**
**NONCOMPLIANCE WITH THE MARKING REQUIREMENT OF 35 USC § 287**

i

██████████████

## <u>TABLE OF CONTENTS</u>

I.       INTRODUCTION ............................................................................................... 1

II.     STATEMENT OF THE ISSUES TO BE DECIDED ........................................ 1

III.    STATEMENT OF UNDISPUTED FACTS .................................................... 2

IV.    LEGAL STANDARDS ..................................................................................... 5

      A.   Summary Judgment .................................................................................. 5

      B.   Marking requirement of § 287 ................................................................. 5

V.     ARGUMENT .................................................................................................... 6

      A.   ████████████████████████ triggered the marking

           requirement of § 287. ............................................................................... 6

      B.   VARTA failed to provide any evidence of constructive or actual notice prior

           to the filing of the Complaint in these cases. .......................................... 8

VI.    CONCLUSION ............................................................................................. 14

## **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed.Cir.1994)...........................................................................7, 14

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986).............................................................................................5

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017)..........................................8, 9, 10, 11, 12, 13, 14

*Butterfield v. Oculus Contact Lens Co.*,
   332 F. Supp. 750 (N.D. Ill. 1971), *aff'd sub nom. Butterfield v. Oculus Contact Lens Co.,
   Inc.*, 71-1928, 1973 WL 19832 (7th Cir. Jan. 17, 1973)........................................13

*Byers v. Dallas Morning News, Inc.*,
   209 F.3d 419 (5th Cir. 2000) ...............................................................................5

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)..............................................................................................5

*CXT Sys., Inc. v. Academy, Ltd.*,
   2:18-cv-00171-RWS-RSP, 2020 WL 9936135 ....................................................1

*In re Yarn Processing Pat. Validity Litig. (No. II)*,
   602 F. Supp. 159 (W.D.N.C. December 20, 1984)................................................7

*KAIST IP US LLC v. Samsung Elecs. Co., Ltd.*,
   2:16-CV-01314-JRG-RSP, 2018 WL 10498197 (E.D. Tex. May 22, 2018)..........10

*Lubby Holdings LLC v. Chung*,
   11 F.4th 1355 (Fed. Cir. 2021) .....................................................................10, 12

*Soverain Software LLC v. Amazon.com, Inc.*,
   383 F. Supp. 2d 904 (E.D. Tex. 2005)..............................................................6, 11

*Team Worldwide Corp. v. Acad., Ltd.*,
   2:19-cv-00092-JRG-RSP, 2021 WL 1854302 (E.D. Tex. May 10, 2021), *adopted sub nom.
   Team Worldwide Corp. v. Acad., Ltd.*, 2:19-cv-00092-JRG-RSP, 2021 WL 1985688 (E.D.
   Tex. May 18, 2021)........................................................................................10, 13

*Team Worldwide Corp. v. Acad., Ltd.*,
   2:19-cv-00092-JRG-RSP, 2021 WL 1897620 (E.D. Tex. May 3, 2021) ............9, 11

*U.S. Ethernet Innovations v. Acer, Inc.*,
    C-10-3724-CW, 2013 WL 4456161 (N.D. Cal. August 16, 2013)....................................7, 12

**STATUTES**

35 USC § 287................................................................................................................ *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(a) ...................................................................................................................5

███████████████

**EXHIBIT LIST**

| EXHIBITS | DOCUMENTS |
|---|---|
| **EXHIBIT 1** | ██████████████████████████████ |
| **EXHIBIT 2** | ██████████████████████████████ |
| **EXHIBIT 3** | ██████████████████████████████ |
| **EXHIBIT 4** | **EXCERPTS OF UPDATED EXPERT REPORT OF WILLIAM B. METZDORFF, CMA, CFE (DATED MARCH 12, 2022)** |
| **EXHIBIT 5** | **EXCERPTS OF DEPOSITION TRANSCRIPT OF JOACHIM RIEGER ON DECEMBER 16, 2021 ("RIEGER DEP.")** |
| **EXHIBIT 6** | **EXCERPTS OF DEPOSITION TRANSCRIPT OF PHILIPP MIEHLICH ON JANUARY 20, 2022 ("MIEHLICH DEP.")** |
| **EXHIBIT 7** | **EXCERPTS OF INITIAL DISCLOSURES OF DEFENDANT GUANGDONG MIC-POWER NEW ENERGY CO., LTD. (DATED JUNE 2, 2021)** |
| **EXHIBIT 8** | **EXCERPTS OF INITIAL DISCLOSURES OF DEFENDANT PEAG, LLC D/B/A JLAB AUDIO (DATED JUNE 2, 2021)** |
| **EXHIBIT 9** | **EXCERPTS OF INITIAL DISCLOSURES OF DEFENDANTS AUDIO PARTNERSHIP LLC AND AUDIO PARTNERSHIP PLC D/B/A CAMBRIDGE AUDIO (DATED JUNE 2, 2021)** |

██████████████████

## I.     INTRODUCTION

Defendants Guangdong Mic-Power New Energy Co., Ltd., Audio Partnership LLC and Audio Partnership PLC d/b/a Cambridge Audio, and PEAG, LLC d/b/a JLab Audio (hereinafter, "Defendants") respectfully seek summary judgment regarding VARTA Microbattery GmbH's (hereinafter, "VARTA") non-compliance with the marking requirement of 35 USC § 287 (hereinafter, "§ 287").

VARTA asserted U.S. Patent No. 10,804,506 (the "`506 Patent") and U.S. Patent No. 10,971,776 (the "`776 Patent") against Defendants in these cases. ██████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████ Moreover, VARTA failed to provide either constructive notice or actual notice to alert Defendants of their alleged infringement of the '506 Patent prior to filing its complaints in these cases.[1]

For the reasons discussed herein, Defendants respectfully request that the Court grant this motion and bar VARTA from recovering any pre-suit damages prior to the date that VARTA filed the complaint in the event the `506 Patent is found to be infringed and not invalid.

## II.    STATEMENT OF THE ISSUES TO BE DECIDED

1.   ████████████████████████████████████████ ████████████████████, and whether VARTA failed to use reasonable efforts to ensure such marking, such that VARTA is not entitled to pre-suit damages.

---

[1] For clarity, Defendants assert only that VARTA should be barred from pre-suit damages if the '506 Patent is found infringed and not invalid.  The '776 Patent contains only method claims and therefore, is not subject to the marking requirement of § 287. *See CXT Sys., Inc. v. Academy, Ltd.*, 2:18-cv-00171-RWS-RSP, 2020 WL 9936135, at 4 (stating the marking requirement of § 287 "does not apply where the patent is directed to a process or method.") (internal quotations omitted).



**III.    STATEMENT OF UNDISPUTED FACTS**

1.     ███████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████    ███████████████████████

███████████████████████    █████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████    ████████████████████████████████████

█████████████████████████    ███████████████████

████████████████████████████████████████████

██████████████████████████████████

2.     ███████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

3.     Taking VARTA's allegations as true, the coin type batteries (including CoinPower
and Li-Ion Accu), whether purchased from VARTA or another provider, ██████████████

---

2 ████████████████████████████████████████████████
█████████████████████████████████████████

██████████████

███████████████████████████████████████████ are patented articles of the '506

Patent. ███████████████████████████████████

███████████████████████████████████████████ ██████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████ █████████████████████████

██████████████████████████████████████ Taken

together, to the extent that the batteries ████████████████████████████

████████████████████████ are of the coin type moiety, they are patented articles

and require marking under § 287.  The '506 Patent issued on October 13, 2020 and contains claims

to "a rechargeable button cell" micro-battery.  Dkt. 1-5.

    4.    ██████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████

    5.    VARTA has not made a reasonable effort to ██████████████████

██████████████████████████████████████████████████

██████████████

    6.    ██████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████ ████████████████████████████

██████████████████████████████████████████████████

████████████

█████████████████████

█   I██████████████████████

█████████████████████

███

7.    ██████████████████

█████████████████████

█████████████████████

████████████████████ █

█████████████████████

█████████████████████

██████████████

8.    There is no record evidence that ████████████████████

with the `506 Patent.

9.    VARTA provided no actual notice to Defendants of their alleged infringement of the '506 Patent prior to February 2, 2021, the date of the initial complaint where the '506 Patent was introduced into these cases.

10.    On February 2, 2021, VARTA filed a complaint against Defendants alleging infringement of the '506 Patent.  Dkt. 1, at 1.  The '776 Patent issued on April 6, 2021 and contains claims to "a method for producing a button cell."  Dkt. 23-6.  On May 13, 2021, VARTA filed its first amended complaint against Defendants to add an allegation of infringement of the '776 Patent to this case.  Dkt. 23, at 1.

11.    On June 2, 2021 Defendants notified VARTA of their intention to seek to bar VARTA from pre-suit damages in the event that either VARTA or VARTA's licensees failed to

properly mark any of their relevant products as required by § 287.  Ex. 7, at 3-4; Ex. 8, at 3-4; Ex. 9, at 3-4.

## IV.   LEGAL STANDARDS

### A.   Summary Judgment.

Summary judgment should be granted if the moving party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986).  A party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  After the moving party has met its initial burden, summary judgment is appropriate if the non-moving party fails to rebut with facts "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Id.*; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson,* 477 U.S. at 249–50 (internal citations omitted).

### B.   Marking requirement of § 287.

35 USC § 287 states:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or by fixing thereon the word "patent" or the abbreviation "pat." together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice.
>
> In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the

███████████

> infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

The plaintiff "bears the burden of proving that [its licensee] complied with the marking statute" at the summary judgment stage. *Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904, 908 (E.D. Tex. 2005) (refusing to shift the burden of proving compliance with marking statute to defendant at summary judgment stage and granting summary judgment for noncompliance with § 287 because "[plaintiff] has come forward with no evidence that its licensees marked [the patented article]").

## V.   ARGUMENT

### A.   ███████████████████████████ triggered the marking requirement of § 287.

█████████████████████████ triggered the marking requirement of § 287.   "Section 287 applies to all 'persons' who make or sell 'for or under' the authority of the patentee and thus applies to authorizations by a patentee of other persons to make and sell patented articles regardless of the particular form these authorizations may take and regardless of whether the authorizations are 'settlement agreements,' 'covenants not to sue' or 'licenses.'" *In re Yarn Processing Pat. Validity Litig. (No. II)*, 602 F. Supp. 159, 169-70 (W.D.N.C. December 20, 1984) (finding that patentee failed to include a marking provision in its license agreements and "failed to require that allegedly patented articles made by others pursuant to its authority be marked as provided by 35 U.S.C. § 287"); *see also U.S. Ethernet Innovations v. Acer, Inc.*, C-10-3724-CW, 2013 WL 4456161, at *9-10 (N.D. Cal. August 16, 2013) (granting summary judgment to bar plaintiff from collecting pre-suit damages; finding the CNS between plaintiff and third party sufficient to trigger the marking requirement of § 287.

████████████████████

The Federal Circuit has further concluded that authorized third party sales under both express and implied licenses are sufficient to trigger the marking requirement of § 287.  *See Amsted Indus. Inc. v. Buckeye Steel Castings Co.,* 24 F.3d 178, 185 (Fed.Cir.1994) (stating that the "for or under" language of § 287 applies to both express and implied licensees and holding that plaintiff had given an implied license and "a licensee who makes or sells a patented article 'for or under' the patentee, thereby limit[s] the patentee's damage recovery when the patented article is not marked").

████████████████████████████████████ ████████ ███

████████████████████████████████████████████

██████████████████████ ████████████████████

██████████████████████████████ ████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████ ██████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████

██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████ ██████████ ████████████████████



If the '506 Patent is found infringed and not invalid, VARTA should therefore, be barred from recovering damages prior to the filing of the Complaint on February 2, 2021.

> **B.      VARTA failed to provide any evidence of constructive or actual notice prior to the filing of the Complaint in these cases.**

VARTA failed to provide Defendants with constructive or actual notice of their alleged infringement of the '506 Patent prior to the date of the complaint.  In *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, the Federal Circuit stated "if [] a patentee makes or sells a patented article and fails to mark in accordance with § 287, the patentee cannot collect damages until it either begins providing notice or sues the alleged infringer—the ultimate form of notice—and then only for the period after notification or suit has occurred." 950 F.3d 860, 864 (Fed. Cir. 2020).  Notably, "[a] patentee's licensees must also comply with § 287." *Id.*

Here, VARTA has failed to provide adequate constructive notice to Defendants of their alleged infringement of the '506 Patent because (1) ████████████████████████ failed to mark substantially all of its products containing patented articles of the '506 Patent, (2) █████ ████████████████████████████████████████, and (3) VARTA did not make reasonable efforts to ████████████████ with the marking requirement of § 287.  Further, VARTA did not provide Defendants actual notice of their alleged infringement until the complaint introducing the '506 Patent was filed in these cases.  Therefore, VARTA should be barred from any pre-suit damages.

      i.    *Constructive Notice*

      a.  <u>Defendants adequately notify VARTA of the specific unmarked products believed to practice the invention.</u>

The Federal Circuit has determined that an "alleged infringer need only put the patentee on notice that [its] authorized licensees sold specific unmarked products which the alleged infringer believes practice the invention." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368-69 (Fed. Cir. 2017) (stating "[i]t is the patentee who bears the burden of proving that it satisfied the marking requirements and thus the patentee who would have to prove that the unmarked products identified by the infringer do not fall within the patent claims" and holding "[t]he district court erred when it placed this burden upon [the alleged infringer.]").  This district requires that a defendant only "articulate the products it believes are unmarked patented articles subject to § 287" and disclose the timeframe these products should have been marked to meet its initial burden of production. *Team Worldwide Corp. v. Acad., Ltd.*, 2:19-cv-00092-JRG-RSP, 2021 WL 1897620, at *4 (E.D. Tex. May 3, 2021); *order clarified sub nom. Team Worldwide Corp. v. Acad., Ltd*, 219-CV-00092-JRG-RSP, 2021 WL 1854302 (E.D. Tex. May 10, 2021); *adopted sub nom. Team Worldwide Corp. v. Acad., Ltd.*, 219-CV-00092-JRG-RSP, 2021 WL 1985688 (E.D. Tex. May 18, 2021); *R&R adopted,* 219-CV-00092-JRG-RSP, 2021 WL 1985688 (E.D. Tex. May 18, 2021) (holding "[d]efendants have met their [notice] burden [because] [d]efendants have adequately specified the patented articles it believes were unmarked as well as the timeframe these products should have been marked").  A defendant's burden "is a burden of production, not one of persuasion or proof." *Arctic Cat*, 876 F.3d at 1367-68 (holding that "[it] was a legal error" to place "the burden of proving compliance with marking . . . on the defendant," even in the summary judgment stage and stating "where [defendant] identified fourteen unmarked {licensee products], which it argued fell within the patent claims, it was the



patentee's burden to establish compliance with the marking statute—that these products did not fall within the patent claims"); *see also Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1359-60 (Fed. Cir. 2021).  Notably, a defendant's notice requirement is "a low bar" and "no more than belief, articulation, notice, and specificity" is required to meet it.  *See KAIST IP US LLC v. Samsung Elecs. Co., Ltd.*, 2:16-CV-01314-JRG-RSP, 2018 WL 10498197, at *3 (E.D. Tex. May 22, 2018) (holding defendant met its burden by specifically identifying "the 22 nm . . . processors"); *see also Lubby Holdings*, 11 F.4th at 1359-60 (holding defendant "met his burden of production under *Arctic Cat* to articulate the products [he] believes are unmarked patented articles subject to § 287" by "pointing to [plaintiff's] J-Pen Start Kit product, clearing *Arctic Cat's* low bar to put [plaintiff] on notice that [it] sold specific unmarked products which [defendant] believes practice the patent").

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (1) are alleged to practice the `506 Patent and (2) are sold and offered for sale in the United States in the absence of the markings required by § 287.  *See* SOF at ¶ 3.  The marking requirement for each of the above-mentioned products began on October 13, 2020, the issue date of the '506 Patent, and continued until February 2, 2021, when the complaint was served.  Defendants have now met their burden to notify VARTA that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇.  *Id.*  The burden prove its compliance with the marking statute, including to establish that the products ▇▇▇▇▇▇ did not fall within the patent claims remains with VARTA.

b. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



"The patentee bears the burden of pleading and proving [it] complied with § 287(a)'s marking requirement." *Arctic Cat*, 876 F.3d at 1366; *see also Team Worldwide*, 2021 WL 1897620 at *4-5 (granting summary judgment of no marking and holding "[plaintiff] has not presented any evidence to support its position that the accused unmarked products were marked"); *see also Soverain Software, Inc.*, 383 F. Supp. 2d. at 908-09 (rejecting plaintiff's claim that defendant "has not come forward with proof that [licensees] sold the products at issue" because defendant "offer[ed] the relevant licensing agreements[;]" finding "[plaintiff] has failed to bring forth any evidence that [licensees] complied with the statute by marking any products they offered for sale or by not selling any products at all[;]" and holding that plaintiff "has not raised a fact issue that defeats summary judgment on this issue" of noncompliance with the marking requirement of § 287).  In fact, "[t]he burden of proving compliance with marking is and at all times remains on the patentee." *Lubby Holdings*, 11 F.4th at 1359 (quoting *Arctic Cat*, 876 F.3d. at 1367).  A plaintiff can recover damages only for the period that it provided proper notice to defendant.  *Id.* at 1360.

As mentioned,

████████████

VARTA retains this burden to demonstrate ███████████ with the marking requirement. If VARTA is unable to meet this burden, it has failed to provide constructive notice to notify Defendants of their alleged infringement of the patents-in-suit.

      c.  <u>VARTA has not made a reasonable effort to ███████████</u>

     VARTA has not made a reasonable effort to ███████████ ███████████ with the marking requirement of § 287. A patentee's direct or implied licensee "must also comply with § 287." *Arctic Cat*, 950 F.3d at 864. When the issue of adequate marking relates to the actions of a third party, "[a] rule of reason approach is justified" and "substantial compliance may be found to satisfy the statute." *See U.S. Ethernet Innovations*, 2013 WL 4456161, at *5, 7 (granting summary judgment of noncompliance with marking requirement and holding that plaintiff did not "ma[ke] reasonable efforts to ensure [licensee] marked[,]" in fact, noting "[plaintiff] took no steps whatsoever"). This approach requires that VARTA demonstrate that it made "reasonable efforts" to ███████████ with the marking requirement of §287. *See Arctic Cat*, 950 F.3d at 864; *see also Team Worldwide Corp. v. Acad., Ltd.*, 2:19-cv-00092-JRG-RSP, 2021 WL 1854302, at *2 (E.D. Tex. May 10, 2021), *adopted sub nom. Team Worldwide Corp. v. Acad., Ltd.*, 2:19-cv-00092-JRG-RSP, 2021 WL 1985688 (E.D. Tex. May 18, 2021) (granting summary judgment to preclude all pre-suit damages and stating "while courts may consider whether the patentee made reasonable efforts to ensure third parties' compliance with the marking statute, that is not at issue here" because plaintiff "did not present any evidence that it undertook any reasonable efforts to make [licensee] comply with § 287"); *see also Butterfield v. Oculus Contact Lens Co.*, 332 F. Supp. 750, 761 (N.D. Ill. 1971), *aff'd sub nom. Butterfield v. Oculus Contact Lens Co., Inc.*, 71-1928, 1973 WL 19832 (7th Cir. Jan. 17, 1973) (holding plaintiff, a manufacturer of semi-finished lenses, failed to meet the

████████████████

marking requirement of § 287 because it did not "make a reasonable effort" to "control[] the conduct of customer-licensees" and noting plaintiff "did nothing to assure that [their licensee's] containers were so marked when delivered to the [ultimate purchaser] and there is no indication that they were").

Here, VARTA admittedly has made essentially no effort to ████████████████████ with the marking requirement of § 287.  ███████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████  ██████████

██████  VARTA should not be entitled to pre-suit damages if the '506 Patent is found infringed and not invalid.

Defendants have met their burden to (1) demonstrate that the `506 Patent is subject to the marking requirement of § 287 and (2) adequately notify VARTA of the ████████████████ ████████████████████████████████████.  VARTA cannot meet its burden to show that (1) ████████████████████, (2) ████████████████████████████ ██████████ with the marking requirement of § 287, or (3) substantially all of the relevant products were properly marked.  Therefore, VARTA should be barred from recovering pre-suit damages under the '506 Patent in this case because (1) the marking requirement of § 287 applies here and (2) VARTA failed to comply with it.

    ii.    *VARTA did not provide actual notice to Defendants of their alleged infringement of the patents-in-suit prior to the initiation of this lawsuit.*

VARTA first provided Defendants with actual notice of their alleged infringement of the '506 Patent when VARTA filed its initial complaint on February 2, 2021.  In the absence of constructive notice, a patentee may also meet the marking requirement of § 287 by providing an alleged infringer with actual notice of its alleged infringement of patentee's patents.  *Arctic Cat*

███████████████

*Inc.*, 950 F.3d at 864. "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Id*. (quoting *Amsted Indus*. 24 F.3d at 187). Notably, "[i]t is irrelevant [under § 287] ... whether the defendant knew of the patent or knew of his own infringement"; rather the correct approach to determining notice under § 287 "must focus on the action of the patentee, not the knowledge or understanding of the infringer." *Id.* (quoting *Amsted Indus.*, 24 F.3d at 187).

Defendants are unaware of any attempt by VARTA to provide actual notice to Defendants of their alleged infringement of the '506 Patent prior to the filing of the complaint introducing this patent to these cases on February 2, 2021. Specifically, VARTA failed to provide actual notice prior to this complaint because it did not provide Defendants with an affirmative communication of a specific charge of alleged infringement by the specific accused products of Defendants.

## VI.     CONCLUSION

Because ███████████████████████████████ triggered the marking requirement of § 287 and VARTA has failed to come forth with any evidence that constructive or actual notice was adequately provided to Defendants prior to the filing of the complaints in these cases, Defendants are entitled to summary judgment that VARTA is barred from recovering damages for any infringement occurring prior to February 2, 2021.

Dated:  March 18, 2022

Respectfully submitted,

*/s/ Paul A. Ragusa*

Paul A. Ragusa
New York Bar No. 2591162
paul.ragusa@bakerbotts.com
Jennifer C. Tempesta
New York Bar No. 4397089
jennifer.tempesta@bakerbotts.com
**BAKER BOTTS L.L.P.**
30 Rockefeller Plaza
New York, NY 10112
(212) 408-2500

Melissa Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH L.L.P.**
303 South Washington Avenue
Marshall, Texas 75670
(903) 934-8450

*Attorneys for Defendants*

15

███████████████

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Plaintiff's counsel of record were served with a true and correct copy of the foregoing document by electronic mail on March 18, 2022.

*/s/ Melissa R. Smith*
Melissa R. Smith

16