IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VARTA MICROBATTERY GMBH, <br><br> *Plaintiff*, <br><br> v. <br><br> GUANGDONG MIC-POWER NEW ENERGY CO., LTD., | § § § § § § § § § § | CIVIL ACTION NO. 2:21-CV-00036-JRG <br> (LEAD CASE) |
| AUDIO PARTNERSHIP LLC, AUDIO PARTNERSHIP PLC D/B/A CAMBRIDGE AUDIO, | § § § § | CIVIL ACTION NO. 2:21-CV-00037-JRG <br> (MEMBER CASE) |
| PEAG, LLC D/B/A JLAB AUDIO, <br><br> *Defendants*. | § § § | CIVIL ACTION NO. 2:21-CV-00038-JRG <br> (MEMBER CASE) |

## ORDER

Before the Court is the Motion for Leave to Amend Invalidity Contentions (the "Motion") filed by Defendants Guangdong Mic-Power New Energy Co., Ltd. ("Mic-Power"), Audio Partnership LLC and Audio Partnership PLC d/b/a Cambridge Audio ("Cambridge"), and PEAG, LLC d/b/a JLab Audio ("JLab") (collectively, "Defendants"). (Dkt. No. 90.) In the Motion, Defendants seek to amend their Invalidity Contentions to add a "new combination of two publications previously disclosed in Defendants' original Invalidity Contentions." (*Id*. at 1.) Plaintiff VARTA Microbattery GmbH ("Plaintiff") opposes the Motion. (*Id*.) For the reasons set forth below, the Court finds that the Motion should be and hereby is **GRANTED**.

1

I.  **BACKGROUND**

Plaintiff filed its Complaint against Mic-Power on February 2, 2021 asserting infringement of U.S. Patent Nos. 9,153,835 (the "'835 patent"), 9,496,581 (the "'581 patent"), 9,799,913 (the "'913 patent"), 9,799,858 (the "'858 patent"), and 10,804,506 (the "'506 patent"). (Dkt. No. 1.) The case was consolidated with Case No. 2:21-cv-00037 (Cambridge) and Case No. 2:21-cv-00038 (JLab) on April 16, 2021, against both of whom only the '506 patent was asserted. (Dkt. No. 15.) Plaintiff filed Amended Complaints against each of the Defendants on May 13–14, 2021, adding a claim for infringement of U.S. Patent No. 10,971,776 (the "'776 patent"). (*See* Dkt. Nos. 23, 25, 26.) Defendants filed two petitions for *Inter Partes* review ("IPR") on June 30, 2021 challenging the '506 and '776 patents. (Dkt. No. 88 at 2; Dkt. No. 88-1, ¶2.) Defendants filed their initial Invalidity Contentions on September 10, 2021. (Dkt. No. 88 at 2; Dkt. No. 88-1, ¶3.) On January 5, 2022, the Patent Trial and Appeal Board ("PTAB") denied institutions of both IPR petitions. (Dkt. No. 88 at 2; Dkt. No. 88-1, ¶4.)

II.  **The Motion to Amend**

Defendants reviewed the denial of the IPR petition with their expert and, based on the "insight revealed by the PTAB" in concluding that "Defendants' prior art combinations failed to explain why a person of ordinary skill in the art would have made the proposed combinations" of "welding technique[s]," Defendants seek to add a new combination of previously disclosed prior art references to their Invalidity Contentions. (Dkt. No. 88 at 4, *see also id*. at 4, n.4.) Specifically, Defendants seek to "combine Kwon with Kannou because Kwon disclose[s] specific advantages of welding the output conductor to the cell housing which a person of ordinary skill in the art would recognize." (*Id*. at 4) (citations and quotations omitted). On February 7, 2022 Defendants

2

notified Plaintiff of their intent to seek leave to amend their Invalidity Contentions, which Plaintiff opposes. (Dkt. No. 88 at 2–3; Dkt. No. 88-1, ¶¶5–7.)

### III.  ANALYSIS

Defendants contend that P.R. 3-6(b) allows for leave to amend "upon a showing of good cause." (Dkt. No. 88 at 2.) Defendants argue that good cause exists here because "(1) the delay was not extensive and will not negatively impact the timing of these proceedings, (2) there is good reason for the delay, (3) Defendants were diligent in moving for leave to amend, (4) this amendment is important for Defendants' Invalidity Contentions, and (5) granting Defendants' Motion to amend their Invalidity Contentions will not unfairly prejudice Plaintiff." (*Id.* (citing *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 624–25 (E.D. Tex. 2007).)

Plaintiff contends that to determine whether good cause exists, the Court must consider "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." (Dkt. No. 90 at 3 (quoting *Garrity Power Servs. LLC v. Samsung Elecs. Co.*, 2021 WL 4894262, at *1 (E.D. Tex. Oct. 19, 2021).)

The Court now turns to those factors.

### a. Prejudice

Defendants argue that the amendment would not prejudice Plaintiff because both Kannou and Kwon were disclosed in Defendants' original Invalidity Contentions, and that Kannou was also disclosed in Defendants' original Invalidity Contentions in combination with "other combinations" as to the '506 patent and '776 patent. (Dkt. No. 88 at 5.)

Plaintiff argues that to allow Defendants "to change their invalidity contentions simply because those arguments were rejected in IPR proceedings would be prejudicial." (Dkt. No. 90 at

5.) Plaintiff alleges that Defendants' choice to argue obviousness at the PTAB "based on the same grounds found in their invalidity contentions in this litigation" was simply a "tactical decision" to "challenge the validity of VARTA's patents in parallel proceedings before the PTAB." (*Id*. at 5–6.) Plaintiff further contends that it "would be unfair to allow Defendants to use the PTAB as a forum for testing their theories and then, when those theories proved deficient, use the PTAB decision as a roadmap to now alter their theories after the end of discovery." (*Id*. at 6.)

Opening expert reports were served in this case on February 10, 2022. (Dkt. No. 88 at 3; *see also* Dkt. No. 85.) Certain of those expert reports were provided to the Court in connection with pretrial procedures in this case, including the Expert Report of William H. Gardner Regarding Invalidity of the Asserted Claims of U.S. Patent Nos. 10,804,506 & 10,971,776 (the "Gardner Report"). The Court notes that this report contains two conclusions based on the combination of Kannou and Kwon at issue in the instant Motion. Specifically, as part of his report, Mr. Gardner concludes that "Claims 1–9 and 11–19 [of the '506 Patent] would have been obvious over Kannou in view of Kwon and the knowledge of a POSA" and "Claims 1–19 and 21–30 [of the '776 Patent] would have been obvious over Kannou in view of Kwon and the knowledge of a POSA." (Gardner Report, ¶¶12, 247–261, 372–382; *see also* Dkt. No. 104-2, ¶12.)

On March 18, 2022, Plaintiff filed a Motion to Strike and Exclude Certain Expert Testimony of William H. Gardner (the "Motion to Strike"). (Dkt. No. 104.) Despite Mr. Gardner's discussion of the combination of Kannou and Kwon at paragraphs 12, 247–261, and 372–382 of his opening invalidity report, Plaintiff only moves to strike paragraph 390. (Dkt. No. 104 at 1.) Plaintiff argues that this paragraph "offers invalidity opinions regarding written description and enablement that are inconsistent with the Court's Claim Construction Order." (*Id*. at 2.)

The Court finds that Plaintiff is not prejudiced by the amendment and that is fatal to their opposition. Nowhere in its Motion to Strike does Plaintiff challenge Mr. Gardner's discussion of the combination of Kannou and Kwon as applied to the '506 and '776 patents. Nor did Plaintiff file any additional motions to strike Mr. Gardner's opinions on the combination of Kannou and Kwon as inconsistent with Defendants' Invalidity Contentions. Plaintiff's acceptance of Mr. Gardner's opinions is in direct contrast to their claim of prejudice.

Having found no material prejudice to Plaintiff, the Court sees nothing related to the other factors that might argue against granting this request. Accordingly, the Court finds that the Motion should be and hereby is **GRANTED**.

**So ORDERED and SIGNED this 30th day of March, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE